ALLEN *v.* THE MERCHANTS BANK of the City of New York, 22 Wend. 215.

In S. Ct. 15 Wend. 486, *et seq.*

*Agent ; Laches ; Bill of Exchange.*

THIS case was first decided by the Superior Court of N. Y., in favor of the defendants, upon the following facts.

The defendants received from plaintiff for collection, a bill of exchange on Philadelphia, payable five days *after date*, which they transmitted to the Philadelphia Bank. On the 28th of June, (the bill being dated the 26th,) the bank delivered the bill to their notary, who the same day presented it for acceptance, which was refused, but the notary omitted to give notice to the endorsers of the *non-acceptance.* On the third of July, the bill was protested for non-payment, and notices sent to the Merchants Bank, under cover, directed to the parties to the bill. On the 6th, the holders received their notice, and gave notice on the 7th to the other endorser. The plaintiffs having failed in their suit against him for want of notice of non-acceptance, this suit was commenced against the bank to recover the amount of the bill and their damages. It was proved on the part of the defendants, that by the law-merchant of Pennsylvania, it was not necessary to present the bill for acceptance, and to give notice of non-acceptance, but that it was sufficient to present it at maturity for payment.

The Supreme Court affirmed the decision of the Superior Court, holding that in the absence of any special agreement, or established usage, the Merchants Bank was not liable for the negligence of the bank or its notary in Philadelphia.

The Court of Errors held the contrary, and adopted the following resolution as their decision in the case.

"*Resolved,* that when a bank or *broker* or other money dealer, receives upon a good consideration, a note or bill for collection, in the place where such bank, broker, or dealer, carries on business, or at a *distant place* the party receiving the same for collection, is liable for the *neglect, omission, or other misconduct* of the bank or agent to whom the note or bill

is sent, either in the negotiation, collection, or paying over the money, by which the money is lost, or other injury sustained by the owner of the note or bill, unless there be some agreement to the contrary, expressed or implied."

Judgment *reversed*, by a vote of 14 to 10.

☞ The reporter who seems dissatisfied with this decision, calls attention to the case of *East Haddam Bank* v. *Scovil*, 12 Conn. R. 303, as concurring with the decision of the Supreme Court, and the opinion of the Chancellor, in this case. There, the acceptor was a bankrupt, and the judge left the question of default or negligence to the jury, and whether the holder had been prevented from collecting or recovering the amount of the bill, by reason of any negligence *or default on the part of the plaintiffs;* and the jury found he had not.

In *Allen* v. *Suydam*, the court adopted the same rule of damages. 20 Wend. 321.

See *Smith* v. *Bank of Orleans*, 7 Hill, 595, note of reporter; and same case, 3 Hill, 561. "The case," says the reporter, "was *reversed* but on points not appearing upon the bill of exceptions, but raised by the pleadings, so that the decision in 3 Hill, 561, has still the force of a precedent."

In that case, Nelson Ch. J., says that "the case of *Allen* v. *Merchants Bank*, proves only that the holder may resort to either, (the agent at home or abroad.) It has not yet been decided that the relation of principal and agent does not exist between the holder and the foreign agent; or that the former may not resort directly to the latter for negligence in charging the parties."